IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Sujan Thapa,

Petitioner,

v.

Luis Rosa, Jr., *et al.*,

Respondents.

No. CV-26-01531-PHX-JJT (CDB)

**ORDER**

Petitioner brought this action under § 2241 challenging his prolonged immigration detention without a meaningful bond redetermination hearing. (Doc. 1.) The Court directed Respondents to respond to the Petition and referred the matter for a Report and Recommendation. (Doc. 5.) Petitioner has filed a Motion for Temporary Restraining Order. (Doc. 8.) The Court will require Respondents to file a combined response to the Petition and Motion.[1]

The response should address the following issues. Petitioner argues his February 19, 2026 bond redetermination hearing did not comport with the appropriate legal standard. Respondents must address the standard employed by the Immigration Judge and which party had the burden of establishing risk of flight. *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).

Petitioner further argues his prolonged detention without a meaningful bond

[1] The Court ordered Respondents to answer the Petition within 20 days of service. In a March 13, 2026 Order, the Magistrate Judge directed Petitioner's counsel to advise the Court as to the status of service by March 18, 2026.

hearing violates his due process rights. Following the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018), which held there is no statutory right to periodic bond hearings for aliens mandatorily detained during the pendency of removal proceedings, the Ninth Circuit has not yet addressed whether such a right exists under the Constitution. But both the Second and Third Circuits have addressed the issue and concluded such a right exists. *See Black v. Decker*, 103 F.4th 133 (2024); *Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203 (3d Cir. 2020). Petitioner also cites the Western District of Washington's decision in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), which reached the same conclusion. To the extent the Court determines Respondents may not mandatorily detain an individual indefinitely without a bond redetermination hearing, Respondents should address at what point detention becomes prolonged and what test the Court should employ to evaluate Petitioner's detention.

**IT IS THEREFORE ORDERED** Counsel must immediately serve the Petition if not already served.

**IT IS FURTHER ORDERED** prior deadlines regarding answering the Petition are **vacated**. Respondents must file a combined response to Petitioner's Petition and Motion for Temporary Restraining Order no later than **March 23, 2026**. Petitioner may file a reply in support of his motion no later than **March 26, 2026**.

**IT IS FURTHER ORDERED** the Clerk of Court must immediately transmit by email a copy of this Order, the Petition, and Motion for Temporary Restraining Order to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

Dated this 16th day of March, 2026.

Honorable John J. Tuchi
United States District Judge