# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sujan Thapa, | No. CV-26-01531-PHX-JJT (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., *et al.*, | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging his prolonged immigration detention without a meaningful bond hearing in alleged violation of the Fifth Amendment. The Court ordered Respondents to answer the Petition. (Doc. 5.) Thereafter, prior to Respondents filing a response, Petitioner sought a Temporary Restraining Order seeking immediate release from detention. (Doc. 8.) The Court directed Respondents to file a combined response to the Petition and Motion; the Petition and Motion are fully briefed. The Court will grant the Petition and deny the motion for injunctive relief as moot.

## I.    Background

Petitioner is a citizen of Nepal who entered the United States on January 16, 2025. (Doc. 1 ¶ 17.) Petitioner was apprehended and has remained in immigration detention under 8 U.S.C. § 1225(b) since that date. (*Id.* ¶ 3.) Petitioner received a positive credible fear determination, and he was ordered removed on March 19, 2026. Petitioner filed an appeal with the Board of Immigration Appeals, which remains pending. (Doc. 15.) On

February 19, 2026, Petitioner received a bond redetermination hearing before an Immigration Judge at which Petitioner bore the burden of establishing he was neither a flight risk nor a danger.  (*Id.* ¶ 52.)  Petitioner argued that is not the correct legal standard for a prolonged detention bond redetermination hearing.  (*Id.* ¶ 56.)

In its March 16, 2026 Order, the Court specifically directed Respondents to address (1) the standard employed by the Immigration Judge at Petitioner's bond redetermination hearing and which party had the burden of establishing risk of flight; (2) at what point detention of an immigration detainee becomes prolonged, and (3) what test the Court should employ to evaluate Petitioner's detention if the Court determines that Respondents may not mandatorily detain an individual indefinitely.  *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).  (Doc. 11.)

Respondents respond that an Immigration Judge's discretionary bond determination is not reviewable in federal court.  *See* 8 U.S.C. § 1226(e).  Respondents further point to *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195–96 (9th Cir. 2022), in which the Ninth Circuit held it did not constitute a due process violation in a bond redetermination hearing under § 1226(a) to place the burden on the detainee to establish he is neither a flight risk nor a danger.  As a result, Respondents maintain the petition is moot.  (Doc. 12.)

The Court disagrees.  The issue in this matter was never simply whether Petitioner was entitled to a bond hearing or consisted of a mere challenge to the outcome of the February 19, 2026 bond redetermination hearing.  Rather, the question is whether Petitioner possesses a liberty interest in a meaningful bond redetermination hearing to challenge prolonged detention and, if so, which party should bear the burden of proof at that hearing.

The Court specifically directed Respondents to address whether Petitioner's detention has become prolonged and what test the Court should employ to evaluate Petitioner's detention if the Court determines that Respondents may not mandatorily detain an individual indefinitely without a bond redetermination hearing.  The Court stated:

> Following the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018), which held there is no statutory right to periodic bond hearings for aliens mandatorily detained during the pendency of removal

proceedings, the Ninth Circuit has not yet addressed whether such a right exists under the Constitution. But both the Second and Third Circuits have addressed the issue and concluded such a right exists. *See Black v. Decker*, 103 F.4th 133 (2024); *Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203 (3d Cir. 2020). Petitioner also cites the Western District of Washington's decision in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), which reached the same conclusion.

(Doc. 11.)   Respondents failed to address these issues, and the Court finds the issues waived.  *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").  Because Respondents have not provided any basis to reject the reasoning in *Black v. Decker*, 103 F.4th 133 (2024) and *Santos v. Warden Pike County Corr. Facility*, 965 F.3d 203 (3d Cir. 2020), that prolonged detention under § 1225(b) without a bond redetermination hearing is a violation of due process, the Court accepts the reasoning of those cases.  And because Respondents do not address what test should be employed to evaluate whether Petitioner should receive a bond redetermination hearing, the Court elects to employ the test under *Banda*.  Under the *Banda* test, the Court considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Banda*, 385 F. Supp. 3d at 1118.

　　　　　i.　　　*Length of Detention*.

The first *Banda* factor is the length of detention, "which is the most important factor."  *Banda*, 385 F. Supp. 3d at 1118. "It is important to bear in mind the context: The detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released."  *Id.* (quoting *Jamal A.*, 358 F. Supp. 3d at 859).

Petitioner has been held in DHS custody for approximately 16 months.  Under the

first *Banda* factor, where a petitioner's current detention exceeds a six-month threshold the "detention[] become[s] less and less reasonable." *Haidari v. Immigr. & Customs Enf't Field Off. Dir.*, No. 2:26-cv-00039-TL, 2026 U.S. Dist. LEXIS 56882, at *8 (W.D. Wash. Mar. 18, 2026) (quoting *L.B.O.M. v. Hermosillo*, No. 2:25-cv-02695-GJL, 2026 U.S. Dist. LEXIS 21291, at *8 (W.D. Wash. Feb. 2, 2026)).   Petitioner has been detained for approximately 16 months, well beyond the six-month threshold, and similar to lengths of confinement other courts have found to be prolonged.  *See, e.g.*, *Kadir v. Larose*, No. 25cv1045-LL-MMP, 2025 U.S. Dist. LEXIS 203614, at *13 (S.D. Cal. Oct. 15, 2025) (noting that 13 months without a bond hearing is prolonged); *cf. Banda*, 385 F. Supp. 3d at 1118 ("Petitioner has been in detention for approximately 17 months, which is a very long time.").  In light of these decisions, and based upon the facts of the instant action, the Court finds the length of Petitioner's detention strongly favors granting relief.

     ii.  *Likely Duration of Future Detention*.

   The second factor requires the Court to "consider[] how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals."  *Banda*, 385 F. Supp. 3d at 1119 (citation omitted).  "When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Akmal v. Warden of Cal. City Det.*, No. 1:25-CV-01921-DC-DMC-HC, 2026 WL 657606, at *7 (E.D. Cal. Mar. 9, 2026) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)).

   While the length of future detention is uncertain considering Petitioner's pending appeal before the BIA, the Court finds that the likely duration of future detention is sufficiently lengthy for this factor to favor Petitioner.  *See Kadir*, 2025 U.S. Dist. LEXIS 203614, at *8 ("Petitioner's future detention can last several more months or even years during the adjudication of Respondents' appeal to the BIA.").

. . .

. . .

- 4 -

iii.    *Conditions of Detention*.

The third factor requires the Court to consider the conditions of confinement. *Banda*, 385 F. Supp. 3d at 1119. "The more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id.* (citation omitted). Petitioner alleged in his Petition that "[a]dvocacy organizations and legal service providers have . . . documented numerous complaints concerning conditions in Arizona immigration detention facilities, including the Florence Service Processing Center. These complaints include reports of inadequate medical care, excessive lockdowns due to staffing shortages, unsanitary living conditions, and barriers to communication with counsel." (Doc. 1 ¶ 67.) Respondents fail to address this factor, and it therefore weighs in Petitioner's favor.

iv.    *Delays in Removal Proceedings*.

Next, the Court shall analyze the "fourth and fifth [*Banda*] factors—both which consider delays caused by the parties—together." *Maliwat v. Scott*, No. 2:25-CV-00788-TMC, 2025 WL 2256711, at *6 (W.D. Wash. Aug. 7, 2025).

The fourth factor requires the Court to consider the nature and extent of any delays caused by Petitioner. "Courts should be sensitive to the possibility that dilatory tactics by the removable noncitizen may serve not only to put off the final day of deportation, but also to compel a determination that the noncitizen must be released because of the length of his incarceration." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up). There is no evidence any delays have been caused by Petitioner.

The fifth factor considers the delays in removal caused by the government. *Banda*, 385 F. Supp. 3d at 1120. "[I]f immigration officials have caused delay, it weighs in favor of finding continued detention unreasonable . . . Continued detention will also appear more unreasonable when the delay in proceedings was caused by the immigration court or other non-ICE government officials." *Galkin*, 2026 U.S. Dist. LEXIS 46838, at *11 (quoting *Sajous v. Decker*, No. 18-CV-2447 (AJN), 2018 WL 2357266, at *10–11 (S.D.N.Y. May

- 5 -

23, 2018)).  As Petitioner notes, his merits hearing was postponed multiple times by the Immigration Court.  These delays are attributable to Respondents.

Therefore, the fourth and fifth factors favor Petitioner.

> v.     *Likelihood of Removal*.

The final *Banda* factor requires the Court to consider "the likelihood that the final proceedings will culminate in a final order of removal."  *Banda*, 385 F. Supp. 3d at 1120 (citation omitted).  "[W]here a noncitizen has asserted a good faith challenge to removal, 'the categorical nature of the detention will become increasingly unreasonable.'"  *Id.* (quoting *Sajous*, 2018 WL 2357266, at *11).  Based on the current record, Petitioner has been ordered removed and there is no indication whether his appeal before the BIA will be successful.  Therefore, the sixth factor favors Respondents.

> vi.     *Conclusion*.

Considering five of the *Banda* factors favor Petitioner and one factor favors Respondents, the Court concludes that Petitioner's continued detention under § 1225(b)(2) has become unreasonable.  Therefore, Petitioner is entitled to relief.

Where a noncitizen's detention under § 1225(b)(2) has become unreasonable, the proper remedy is an individualized bond hearing before a neutral IJ.  *See Galkin*, 2026 U.S. Dist. LEXIS 46838, at *12 (finding that "there is no authority" supporting relief in the form of immediate release, but there is authority supporting relief in the form of a bond hearing) (cleaned up); *see also Kaur v. Lyons*, 2:26-cv-00217-KML, at *1 (D. Ariz. Apr. 9, 2026) (adopting the magistrate judge's recommendations for a 1225(b)(2) petitioner and granting a bond hearing).  At the bond hearing, Respondents bear the burden of proving that Petitioner is a danger or flight risk by clear and convincing evidence.  *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).

Accordingly,

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Petitioner's request for a bond hearing and is **denied** as to Petitioner's request for immediate release.

**IT IS FURTHER ORDERED** that a bond hearing as directed herein shall be held within **seven calendar days** of this order.

1.  The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). There must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community; or

2.  In the alternative, the Government shall immediately release Petitioner under appropriate conditions of release.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report with the Court regarding the bond hearing and whether the Petitioner was released within **three days** of the bond hearing, or, in the alternative, release of Petitioner.

**IT IS FURTHER ORDERED** that all pending motions are denied as **moot** and the Clerk of Court must enter judgment according and close this case.

Dated this 8th day of May, 2026.

Honorable John J. Tuchi
United States District Judge

- 7 -